# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

|  |  |
|---|---|
| **STEPHEN FREDERICK** | \* |
| | \* |
| | \* **CIVIL ACTION** |
| **VERSUS** | \* |
| | \* **NO.** |
| **STATE FARM FIRE AND CASUALTY** | \* |
| **COMPANY** | \* **SECTION " "** |
| | \* |
| | \* **JUDGE** |
| | \* |
| | \* **MAGISTRATE** |
| | \* |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

**NOW COMES**, through undersigned counsel, Defendant State Farm Fire and Casualty Company ("State Farm"), who, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court.

## I.    INTRODUCTION

1.    This is an insurance coverage and bad faith case in which Stephen Fredericks ("Plaintiff") asserts that on January 12, 2022 his home sustained damage as a result of a Hailstorm. On June 7 2023, Plaintiff, who is allegedly domiciled in Lafayette Parish, Louisiana, filed his Petition for Damages ("Petition") in Docket No. C-732970 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.  Exhibit "A," Petition for Damages.

2.    State Farm was served with the Petition on June 13, 2023, through the Louisiana Secretary of State. *See* Exhibit "B," State Court Record.

4336927v.1

3.    Plaintiff seeks statutory penalties and attorney's fees and costs for State Farm's alleged bad faith handling of Plaintiff's insurance claims. *See* Petition at ¶ 50.

4.    Removal is appropriate based on diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendants. *See* generally Petition.

5.    State Farm did not file any responsive pleading in state court prior to removal and will file its initial responsive pleading in accordance with Federal Rule of Civil Procedure 81(c).

6.    Promptly upon filing this Notice of Removal, State Farm is also filing a Notice of Filing of Removal with the state court in which this case was previously pending.

## II.    GROUNDS FOR REMOVAL

7.    This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.    Complete Diversity Exists Between the Parties

8.    The Petition alleges that Plaintiff is domiciled in Lafayette Parish, Louisiana. Petition at ¶ 1. Accordingly, Plaintiff is a citizen of Louisiana for purposes of diversity jurisdiction.

9.    State Farm Fire and Casualty Company was at the time this action was commenced, and still is, a citizen of Illinois, pursuant to 28 U.S.C. § 1332(c)(1). It was incorporated in Illinois and its principal place of business is in Illinois.

### B.    The Amount in Controversy Exceeds $75,000.00

10.    Plaintiff seeks monetary damages from State Farm under the policy of insurance allegedly issued to Plaintiff, as well as statutory penalties and attorney's fees and costs for State Farm's alleged bad faith handling of Plaintiff's insurance claims. *See* Petition at ¶ 50.

4336927v.1

11.    The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id*.

12.    To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553-54 (2014).

13.    A removing defendant can meet this burden in two ways: "(1) by demonstrating that it was facially apparent from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering summary judgment type evidence of the facts in controversy, which support a finding that the requisite amount was in controversy." *Bienemy v. Hertz Corp.,* No. 16-15413, 2016 WL 6994200, at *2 (E.D. La. Nov. 30, 2016) (Morgan, J.).

14.    Federal courts can and should consider claims for statutory damages and attorney's fees when ascertaining the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Henderson v. Allstate Fire & Cas. Ins. Co.*, 154 F. Supp. 3d 428, 433 (E.D. La. 2015).

15.    In this case, Plaintiff asserts that State Farm failed to timely provide adequate payment for losses covered under a policy of insurance and is therefore liable to Plaintiff for

4336927v.1

damages under the policy,  as well as statutory penalties, attorneys' fees, and costs under La. R.S. §§ 22:1892 and 22:1973. Petition at ¶ 41.

16.    On or about August 22nd, 2022, Plaintiff submitted an estimate in the amount of $110,337.07 to State Farm to compensate for damage to Plaintiff's dwelling. *See* Exhibit "C," Plaintiff's August 22nd Estimate; *see also* Petition at ¶ 15.

17.    While State Farm admits neither liability nor any element of damages, the amount asserted in the Petition along with the statutory penalties, attorneys' fees, and other damages demanded by Plaintiff satisfies the amount in controversy under 28 U.S.C. § 1332(a).

### III.    VENUE

18.    Venue for removal is proper in this district and division under 28 U.S.C.§ 1441(a) because this district and division embrace the place in which the removed action was pending, the 18th Judicial District Court for the Parish of Lafayette, State of Louisiana.

### IV.    PROCEDURAL REQUIREMENTS

19.    Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
| --- | --- |
| A. | Plaintiff's Petition for Damages |
| B. | Copy of State Court Record |
| C. | Plaintiff's August 22nd Estimate |
| D. | State Farm's Certificate of Compliance with 28 U.S.C. § 1446(d) |

20.    This Notice of Removal is being filed within thirty (30) days of June 13, 2023, the date State Farm was served with Plaintiff's Petition through the Louisiana Secretary of State.

4336927v.1

Exhibit "B," State Court Record. This notice of removal is thus timely filed under 28 U.S.C. § 1446(b).

21.     There exists an actual and justiciable controversy between Plaintiff and State Farm with regard to the legal issues herein and this controversy and the amount thereof is within the jurisdiction of this Court.

22.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. *See* Exhibit "D," State Farm's Certificate of Compliance.

23.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, promptly after filing of same.

24.     The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

4336927v.1

Date: July 3, 2023

Respectfully submitted,

*/s/ Faith C. Flugence*
Douglas J. Cochran, La. Bar No. 20751
Faith C. Flugence, La. Bar No. 40604
STONE PIGMAN WALTHER WITTMANN L.L.C.
One American Place, Suite 1150
301 Main Street
Baton Rouge, Louisiana  70825
Telephone: (504) 581-3200
Email:dcochran@stonepigman.com
fflugence@stonepigman.com

*Attorneys for State Farm Fire and Casualty Company*

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed and/or e-mail, this 3rd day of July, 2023.

*/s/ Faith C. Flugence*

4336927v.1